UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Le Roy Gamble, Jr., Cyrus Patrick Gladden, II, David James Jannetta, Jerrad William Wailand, and Clarence Antonia Washington,<br><br>           Plaintiffs,<br><br>  v.<br><br>Minnesota State-Operated Services, Minnesota State Industries, Minnesota Sex Offender Program, Department of Human Services, the State of Minnesota, Emily Johnson Piper, Shelby Richardson, and any John and Jane Does 1-20,<br><br>           Defendants. | Case No. 16-cv-2720-JRT-KMM<br><br>**REPORT AND RECOMMENDATION** |

David Le Roy Gamble, Jr., St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, plaintiff pro se

Cyrus Patrick Gladden, II, MSOP, 1111 Highway 73, Moose Lake, MN 55767, plaintiff pro se

David James Jannetta, MSOP, 1111 Highway 73, Moose Lake, MN 55767, plaintiff pro se

Jerrad William Wailand, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, plaintiff pro se

Clarence Antonia Washington, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, plaintiff pro se

1

The five plaintiffs in this case are all civilly committed detainees in the Minnesota Sex Offender Program ("MSOP"). Compl. ¶ 1, ECF No. 1. They are proceeding pro se and *in forma pauperis*. *See* Order, ECF No. 14. The complaint contains several claims. Count One is a collective action and alleges violations of the Fair Labor Standards Act ("FLSA") on the part of the defendants. Compl. ¶¶ 96-98. Counts Two through Five are putative class claims alleging violations of the FLSA, and the Thirteenth and Fourteenth Amendments. Compl. ¶¶ 99-110. The plaintiffs have also submitted the names and signatures of dozens of similarly situated individuals who are committed to the MSOP and purportedly consent to proceeding as a member of the putative class. Consent to Status as Pl. Class Member in Class Action Pursuant to 29 U.S.C. § 216(b), ECF No. 1-1.

This matter is before the Court on the plaintiffs' motion for class certification pursuant to Rule 23, a motion which must be denied at this stage of the litigation. ECF No. 8. It is well established that "*pro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)." *Perkins v. Holder*, No. 13-cv-2874-PAM-FLN, 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 26, 2014); *see also Blake v. Missouri Dep't of Corr.*, 628 F. App'x 465, 465 (8th Cir. 2016) (finding no abuse of discretion in denial of class certification based in part on plaintiffs' pro se status); *Jackson v. Dayton*, No. 15-cv-4429-WMW-JJK, 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016), *R. & R. adopted*, No. 15-cv-4429-WMW-JSM, 2016 WL 2930913 (D. Minn. May 19, 2016) (quoting footnote 8 in *Perkins*); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . in a court of the United States.").

Because none of the named plaintiffs is an attorney, they cannot represent a putative class. Indeed, so long as they are proceeding pro se, each plaintiff can only represent himself and raise his own claims in this litigation.

The Court notes that on the same day this case was filed, the plaintiffs requested that their case be referred to the Federal Bar Association's Pro Se Project. ECF No. 12. Magistrate Judge Janie Mayeron, the magistrate judge previously assigned to this case, did so on October 5, 2016. ECF No. 22. Should that referral lead to the plaintiffs being represented by counsel, the request for class certification might stand on very different footing. Nonetheless, the Court recommends that at this stage the motion be denied without prejudice.

Recommendation

Based on the foregoing, the Court **HEREBY RECOMMENDS** that the plaintiffs' motion for class certification (ECF No. 8) be denied without prejudice.

Date: December 7, 2016                    s/ *Katherine Menendez*
                                                            Katherine Menendez
                                                            United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.