UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID LE ROY GAMBLE, JR., CYRUS P. GLADDEN, II, DAVID J. JANNETTA, JERRAD W. WAILAND, and CLARENCE A. WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>MINNESOTA STATE-OPERATED SERVICES, MINNESOTA STATE INDUSTRIES, MINNESOTA SEX OFFENDER PROGRAM, DEPARTMENT OF HUMAN SERVICES, STATE OF MINNESOTA, EMILY JOHNSON PIPER, SHELBY RICHARDSON, JOHN AND JANE DOES 1-20, LUCINDA JESSON, DENNIS BENSON, NANCY A. JOHNSTON, SHIRLEY JACOBSON, and CHARLIE HOFFMAN,<br><br>Defendants. | Civil No. 16-2720 (JRT/KMM)<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

David Le Roy Gamble, Jr., Jerrad W. Wailand, and Clarence A. Washington, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN 56082, Cyrus P. Gladden, II and David J. Jannetta, Minnesota Sex Offender Program, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiffs.

Kathryn I. Landrum, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

Five individuals currently in the custody of the Minnesota Sex Offender Program ("MSOP") and participating in MSOP's "Patient Pay Program" ("the Program") brought

this action against numerous state-entity and individual Defendants, asserting claims for both statutory and constitutional violations related to the Program. Defendants moved to dismiss all claims. Now before the Court are Plaintiffs' and Defendants' objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Katherine M. Menendez on Defendants' motion to dismiss. Because the Court will find that Plaintiffs state a plausible claim under the Fair Labor Standards Act ("FLSA") but not a procedural due-process claim under the Fourteenth Amendment, the Court will sustain in part and overrule in part the objections. Accordingly, the Court will adopt in part and reject in part the R&R, and grant in part and deny in part Defendants' motion to dismiss.

## BACKGROUND

Plaintiffs are five individuals civilly confined by the state of Minnesota pursuant to the MSOP. (Am. Compl. ¶¶ 1, 12-16, June 14, 2017, Docket No. 79.) Plaintiffs voluntarily participate in the Patient Pay Program – an MSOP-administered vocational work program for detainees. (*Id.* ¶¶ 12-16, 94.) To be admitted into the Program, volunteers must complete a W-9 form and indicate on it that they are independent contractors. (*Id.* ¶¶ 119-121.) Until recently, MSOP required volunteers to perform two hours of unpaid work "as a pre-condition of being hired." (*Id.* ¶ 116.) Plaintiffs allege that, in administering the Program, "MSOP exercises sole control over all aspects of the work relationship." (*Id.* ¶ 57(o).) For example, Plaintiffs allege that MSOP dictates workers' hours, furnishes all required tools and materials, and "specifies the exact duties to be performed." (*Id.* ¶ 57.) MSOP allegedly does not provide many of Plaintiffs'

"basic needs." (*Id.* ¶ 72.) For example, Plaintiffs allege that they must purchase clothes (including work clothes), shoes, medical care, and medical supplies and devices. (*Id.* ¶ 72.) Plaintiffs also allege that all MSOP detainees – irrespective of their participation in the Program – must repay the state for the cost of their care according to their ability to pay. (*Id.* ¶ 75; *see* Minn. Stat. § 246B.07.) Accordingly, MSOP detainees receive monthly bills for the cost of their commitment. (Am. Compl. ¶ 76.)

MSOP originally set the gross wages of the Program's workers at the state-mandated minimum, according to the Amended Complaint. (*Id.* ¶ 95.) In September 2009, however, MSOP allegedly began to withhold up to fifty percent of workers' wages (*See* Am. Compl. ¶¶ 95-105) pursuant to a state law that gives the Commissioner of the Minnesota Department of Human Services "the authority to retain up to 50 percent of any payments made to an individual participating in the vocational work program for the purpose of reducing state costs associated with operating the Minnesota sex offender program." Minn. Stat. § 246B.06 subd. 6. Plaintiffs allege that MSOP uses the withheld wages to help defray losses from the operation of MSOP's "industry shops." (*Id.* ¶¶ 96, 98.) Plaintiffs further allege that MSOP has continued to withhold fifty percent of Plaintiffs' wages, that the withholding is a "permanent confiscation," and that their withheld wages are not credited toward their obligation to reimburse the state for the cost of their care. (*Id.* ¶¶ 76, 95, 102.)

Plaintiffs filed this action in August 2016 against several state-entity and individual defendants. (*See* Compl., Aug. 12, 2016, Docket No. 1; Am. Compl. ¶¶ 17-32; R&R at 2 & n.2, July 5, 2017, Docket No. 80.) Plaintiffs assert claims for violations of

the FLSA and the Rehabilitation Act, along with claims for violations of their Thirteenth and Fourteenth Amendment rights. (Am. Compl. ¶¶ 125-154; *see* R&R at 4-5.) Defendants moved under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss all claims for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (Mot. to Dismiss, Dec. 22, 2016, Docket No. 38.) The magistrate judge submitted an R&R on Defendants' motion, recommending that the Court (1) deny Defendants' motion with respect to both Plaintiffs' FLSA claim against the state-entity defendants and Plaintiffs' procedural due-process claim seeking prospective injunctive relief against the individual defendants in their official capacities; and (2) grant Defendants' motion to dismiss all other claims, for reasons including sovereign immunity, qualified immunity, mootness, and failure to state a claim. (R&R at 4-5.) Plaintiffs and Defendants both filed objections to the R&R. (Defs.' Obj. to R&R, July 19, 2017, Docket No. 81; Pls.' Obj. to R&R, Aug. 4, 2017, Docket No. 94.) The Court will deny Defendants' motion with respect to Plaintiffs' FLSA claim, but grant Defendants' motion to dismiss with respect to all other claims.

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide

a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

In reviewing a motion to dismiss brought under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a claim for "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. DEFENDANTS' OBJECTIONS TO THE R&R

Defendants object to the R&R to the extent that the magistrate judge found that Plaintiffs plausibly stated under Rule 12(b)(6) both an FLSA claim and a procedural due-process claim. The Court will overrule Defendants' objections with respect to Plaintiffs' FLSA claim. The Court will sustain Defendants' objections with respect to Plaintiffs' procedural due-process claim.

### A. Plaintiffs' FLSA Claim

The FLSA affords employees a minimum wage. 28 U.S.C. §§ 206, 207, 214, 215. In determining whether a plaintiff is an "employee" under the FLSA, courts evaluate the "economic reality" of the parties' relationship based on the totality of the circumstances. *Barnett v. Young Men's Christian Ass'n, Inc.*, No. 98-3625, 1999 WL 110547, at *1 (8th Cir. Mar. 4, 1999); *see Karlson v. Action Process Serv. & Private Investigations, LLC*, 860 F.3d 1089, 1092 (8th Cir. 2017). The fact that an employer does not provide an employee her "basic needs" weighs in favor of finding an employer-employee relationship; the employee needs a minimum wage to purchase those basic needs. *See* 29 U.S.C. § 202(a); *Villarreal v. Woodham*, 113 F.3d 202, 205-206 (11th Cir. 1997); *cf. Cody v. Hillard*, 599 F. Supp. 1025, 1048 (D.S.D. 1984), *aff'd*, 799 F.2d 447 (8th Cir. 1986), *on reh'g*, 830 F.2d 912 (8th Cir. 1987).

The magistrate judge found that Plaintiffs plausibly allege that they are employees. Defendants object, arguing that Plaintiffs are not employees under the "economic reality"

test because the Magistrate's analysis of whether Plaintiffs are afforded their basic needs is both factually and legally incorrect.[1]

After a de novo review, the Court will overrule Defendants objections and adopt the R&R with respect to Plaintiffs' FLSA claim. The Court, like the magistrate judge, finds that *Martin v. Benson* properly analyzed the MSOP's scheme and operation for evaluating a portion of the economic reality of Program participants. 827 F. Supp. 2d 1022 (D. Minn. 2011). But unlike the plaintiffs in *Martin*, Plaintiffs here plausibly allege that MSOP does not provide Plaintiffs their basic needs. One of the FLSA's statutory purposes is to provide employees "the minimum standard of living necessary for health, efficiency, and general well-being." 29 U.S.C. § 202(a); *Miller v. Dukakis*, 961 F.2d 7, 9 (1st Cir. 1992) (finding Massachusetts civil-detainees not employees under the FLSA because they "are cared for . . . by the state" in the same way that prisoners are). Plaintiffs allege that they must pay for various items, such as work clothing, shoes, medical care, and medical supplies and devices. Moreover, MSOP detainees must repay the state for the cost of their care according to their ability to pay, suggesting that Defendants do not provide Plaintiffs' basic needs. Minn. Stat. § 246B.07. Furthermore, MSOP allegedly withholds some portion of Plaintiffs' wages to help defray losses from the operation of MSOP's "industry shops," not to help offset Plaintiffs' obligation to reimburse the state for the cost of their care. These facts suggest that Plaintiffs may

---

[1] Defendants do not object to the R&R's rejection of Defendants' argument "that MSOP detainees are categorically beyond the reach of the FLSA because they are essentially prisoners." (R&R at 8.) Thus, the Court will adopt that portion of the R&R.

properly be considered employees and thus may be entitled to relief on their FLSA claim. Accordingly, the Court will overrule Defendants' objections and adopt the Report and Recommendation with respect to Plaintiffs' FLSA claim.

### B.     Plaintiffs' Procedural Due-Process Claim

Plaintiffs allege that MSOP's withholding of up to half of Plaintiffs' wages violates their procedural due-process rights. (Am. Compl. ¶¶ 131-133.) To prevail on a procedural due-process claim under 42 U.S.C. § 1983, a plaintiff must show (1) that the government has interfered with a protected liberty or property interest, and (2) that the procedures attendant to the interference were constitutionally insufficient. *Taylor v. Armontrout*, 894 F.2d 961, 963 (8th Cir. 1989).

The magistrate judge found that Plaintiffs sufficiently allege a procedural due-process claim. Defendants make two objections. First, Defendants argue that the magistrate judge erred in failing to apply *Jennings v. Lombardi*, 70 F.3d 994 (8th Cir. 1995) and *McMaster v. Minnesota*, 819 F. Supp. 1429 (D. Minn. 1993), *aff'd*, 30 F.3d 976 (8th Cir. 1994). Second, Defendants argue that Minn. Stat. § 246B.06 subd. 6 provides Plaintiffs with sufficient notice and makes any procedural due-process requirement futile.

The Court will sustain Defendants' objection, reject the R&R with respect to Plaintiffs' procedural due-process claim, and dismiss Plaintiffs' procedural due-process claim. Although Plaintiffs plausibly allege that they have a protected property interest,

the Court finds that Minn. Stat. § 246B.06 subd. 6 renders any procedures attendant to that interest futile.

Plaintiffs plausibly allege the existence of a protected property interest. *Jennings* holds that there is no protected property interest if the statute creating the property interest simultaneously gives a decision-maker "discretionary authority in implementing it." 70 F.3d at 996. *McMaster* too relies on the state-created characteristic of the property interest as the reason for finding no protected property interest. 819 F. Supp. at 1442 n.7. Here, the source of the alleged property right is the FLSA – not Minnesota law. Thus, the authority under state law for MSOP to withhold up to half of Plaintiffs' wages does not eliminate the existence of a protected property interest established by federal law.

Plaintiffs do not, however, plausibly allege constitutionally insufficient procedures attendant to MSOP's withholding of half of their wages. At its core, the Due Process Clause affords notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976). "[T]he remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge.'" *Codd v. Velger*, 429 U.S. 624, 627 (1977) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573 (1972)). The purpose of the notice and hearing "is to provide the person an opportunity to clear his [or her] name." *Id.* (quoting *Roth*, 408 U.S. at 573 n.12.) "[I]f the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute." *Id.* Accordingly, there is no procedural due-process claim when there is "no dispute of fact that a pre-deprivation or post-deprivation hearing would resolve."

*Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 932 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 1578 (2017).

Here, additional procedures attendant to MSOP's withholding of up to half of Plaintiffs' wages would not resolve any factual disputes. Minnesota law gives the Commissioner of the Minnesota Department of Human Services "the authority to retain up to 50 percent of any payments made to an individual participating in the vocational work program for the purpose of reducing state costs associated with operating the Minnesota sex offender program." Minn. Stat. § 246B.06 subd. 6. This authority is independent of any facts that Plaintiffs could plausibly raise in any pre- or post-deprivation hearing. *See id.* Although the magistrate judge correctly noted the lack of clarity in the law regarding wage-garnishment in custodial settings generally (R&R at 13-14), Minn. Stat. § 246B.06 subd. 6 does not give rise to any plausible factual disputes that additional procedures could resolve. *See Mickelson*, 823 F.3d at 932; *In re DNA Ex Post Facto Issues*, 561 F.3d 294, 301 (4th Cir. 2009); *Cook v. Lehman*, No. 97-36175, 1999 WL 638647 (9th Cir. Aug. 18, 1999). Accordingly, the Court will sustain Defendants' objection, reject in part the R&R, and dismiss Plaintiffs' procedural due-process claim.[2]

---

[2] The Court's finding that Plaintiffs fail to allege a procedural due-process claim for MSOP's wage-withholding pursuant to Minn. Stat. § 246B.06 subd. 6 does not, however, foreclose Plaintiffs from arguing that their post-withholding net wages must meet the FLSA minimum.

## III. PLAINTIFFS' OBJECTIONS TO THE R&R

### A. Plaintiffs' Sovereign-Immunity Objection

Plaintiffs object to the Magistrate's recommendation to dismiss Counts II through V to the extent that those counts seek damages from the individual defendants in their individual capacities. Plaintiffs argue that sovereign immunity does not prevent Plaintiffs from seeking damages from the individual defendants in their individual capacities.

The magistrate judge did not recommend dismissal on sovereign-immunity grounds of Counts II through V to the extent that those counts seek damages from the individual defendants in their individual capacities. Rather, the magistrate judge correctly found that sovereign immunity bars Plaintiffs' claims in Counts II through V to the extent that those counts seek (1) damages or injunctive relief against the state-entity defendants and (2) damages from the individual defendants in their **official** capacities. (R&R at 7.) The magistrate judge also correctly found that sovereign immunity does not bar Plaintiffs' claims in Counts II through V to the extent that those counts seek prospective injunctive relief against the individual defendants in their official capacities. (R&R at 6-7.) The Court therefore will overrule Plaintiffs' objection and adopt the R&R with respect to Defendants' sovereign-immunity defenses.[3]

---

[3] Plaintiffs also ask the Court to amend the R&R to acknowledge that Plaintiffs can seek injunctive relief against the individual defendants in their official capacities and damages from them in their personal capacities. (Pls.' Obj. to R&R at 6-7.) The R&R is clear that sovereign immunity does not bar Plaintiffs' claims for damages against the individual defendants in their personal capacities. (R&R at 4-7.) Other defenses, however, do. For example, the Court will find that **qualified** immunity bars Plaintiffs' claims in Counts III and IV against the individual

(Footnote continued on next page.)

B.     **Plaintiffs' FLSA Objection**

Although Plaintiffs agree with the magistrate judge's recommendation to deny Defendants' motion to dismiss Plaintiffs' FLSA claim, Plaintiffs object to that portion of the report. Specifically, Plaintiffs object to the report's purported failure to consider Plaintiffs' arguments that they qualify for FLSA coverage either (1) under 29 U.S.C. §§ 203(d), 203(r), 213, and 214; or (2) under 29 C.F.R. § 525 because they are "patient-workers."

Plaintiffs are not patient-workers. In *Martin*, the court carefully considered the statutory and regulatory portions of the FLSA applicable to the Program, including the statutes, regulations, and case law that Plaintiffs cite to here. *See Martin*, 827 F. Supp. 2d at 1026-27. For example, *Martin* held that Program participants are not patient-workers because there is a difference under Minnesota law between individuals committed as sexually dangerous persons and individuals committed as mentally ill and dangerous. *Id. Martin* also carefully analyzed *Souder v. Brennan*, 367 F. Supp. 808 (D.D.C. 1973), which held that patient-workers are employees under the FLSA. *Souder*, 367 F. Supp. at 811-15. But because Plaintiffs are not patient-workers, *Souder* is inapplicable here. The R&R – by adopting a portion of *Martin*'s reasoning – addressed Plaintiffs' statutory and

---
(Footnote continued.)

defendants in their personal capacities. The Court will not address – and the magistrate judge did not address – whether qualified immunity attaches to Plaintiffs' claims in Counts II and V against the individual defendants in their personal capacities because the Court will dismiss Counts II and V for failure to state a claim under Rule 12(b)(6). (*See* R&R at 18 n.10.)

regulatory arguments. (R&R at 8-9.) The Court will adopt the R&R with respect to Plaintiffs' FLSA claim, and the Court will overrule Plaintiffs' objection.

### C. Plaintiffs' Mootness Objection

Plaintiffs purport to object to the magistrate judge's finding that Counts II, III, and V should be dismissed as moot. But Plaintiffs do not object to the court's recommendation that the claims in Counts II, III, and V that seek injunctive relief against former state officials should be dismissed as moot. The R&R does not recommend dismissal of Counts II, III, and V against the former officials to the extent that Counts II, III, and V seek damages. (R&R at 19.) Rather, it only recommends dismissing as moot Counts II, III, and V to the extent that those claims seek injunctive relief against the former officials. (*Id.*) The Court therefore will overrule Plaintiffs' objection and adopt the R&R with respect to the finding that Counts II, III, and V are moot as to the extent that those counts seek injunctive relief against the former officials.

### D. Plaintiffs' Objection Regarding Their Equal-Protection Claim

Plaintiffs object to the magistrate judge's recommendation that Plaintiffs' equal-protection claim (Count II) be dismissed for failure to state a claim. Under the Equal Protection Clause of the Fourteenth Amendment, the government is generally required to treat similarly situated people alike. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). In assessing an equal-protection claim, the Court must first address whether Plaintiffs have demonstrated that they were treated differently than others who were similarly situated. *Id.* "Absent a threshold showing that [they are] similarly situated to

those who allegedly receive favorable treatment, [Plaintiffs do] not have a viable equal protection claim." *Id.*

Plaintiffs fail to plausibly allege that they are being treated differently from others similarly situated. Minnesota holds MSOP detainees pursuant to a different statutory framework than, for example, those who are deemed "mentally ill and dangerous to the public." *Compare* Minn. Stat. §§ 246B.05, 246B.06, *with* Minn. Stat. § 253B. Moreover, courts have regularly held that these different statuses, established under different statutory schemes, show that individuals at "one facility . . . are not considered to be 'similarly situated'" to those at other facilities. *Beaulieu v. Ludeman*, No. 07-1535, 2008 WL 2498241, at *21 (D. Minn. June 18, 2008).

Plaintiffs argue that their similarity to patient-workers, for example, is in the similarity of their **employment status**, not in the manner in which they are detained. But the statutory schemes that create the differences in detention status necessarily create differences in employment status, as discussed above with respect to Plaintiffs' objections to the FLSA-portion of the R&R. *Compare* 29 C.F.R. § 525, *with* Minn. Stat. § 246B.06. The Court will therefore overrule Plaintiffs' objection and adopt the portion of the R&R finding that Plaintiffs' equal-protection claim (Count II) should be dismissed for failure to state a claim.

### E. Plaintiffs' Objections Regarding Their Thirteenth Amendment and Substantive Due-Process Claims

Plaintiffs also object to the magistrate judge's recommendation that Plaintiffs' Thirteenth Amendment claim (Count IV) and substantive due-process claim (Count V)

should be dismissed for failure to state a claim. The Thirteenth Amendment prohibits "those forms of compulsory labor akin to African slavery." *Butler v. Perry*, 240 U.S. 328, 332 (1916). Even prison-mandated work by inmates "is not the sort of involuntary servitude which violates Thirteenth Amendment rights." *Rhodes v. Meyer*, 334 F.2d 709, 719 (8th Cir. 1964). Likewise, the theory of substantive due process is "reserved for truly egregious and extraordinary cases." *Myers v. Scott Cty.*, 868 F.2d 1017, 1018 (8th Cir. 1989). A complaint can allege a violation of substantive due process by alleging (1) behavior that infringes a "fundamental" liberty interest without narrowly tailoring that interference to serve a compelling state interest; or (2) conduct that is so outrageous that it shocks the conscience or otherwise offends our judicial notions of fairness. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Reno v. Flores*, 507 U.S. 292, 301-02 (1993); *Wiemer v. Amen*, 870 F.2d 1400, 1405 (8th Cir. 1989)).

Plaintiffs fail to plausibly allege that Defendants' requirements to (1) perform two hours of unpaid work before being hired into the Program and (2) submit W-9 forms that identify them as independent contractors, violates either the Thirteenth Amendment or substantive due process. To begin with, the Program is voluntary. Neither the W-9 form nor the two-hour, pre-work requirement approaches the kind of slavery-like conditions that predated the Thirteenth Amendment. Furthermore, Plaintiffs cite no authority – nor can the Court find any – to suggest that either the W-9 or pre-work requirement infringes on any fundamental right or shocks the conscience. The Court will therefore overrule Plaintiffs' objections and adopt the portion of the R&R recommending that Plaintiffs'

Thirteenth Amendment claim (Count IV) and substantive due-process claim (Count V) be dismissed for failure to state a claim.

### F. Plaintiffs' Qualified-Immunity Objection

Plaintiffs object to the magistrate judge's recommendation that Counts III and IV that seek damages from the individual defendants in their personal capacities should be dismissed as barred by qualified immunity. The R&R is clear that qualified immunity does not attach to the state-entity defendants with respect to Plaintiffs' FLSA claim. (R&R at 18-19.)

Even though the Court finds that Plaintiffs fail to state a procedural due-process claim in Count III, the Court will nevertheless adopt the portion of the R&R finding that qualified immunity bars the claims in Count III to the extent that those claims seek damages from the individual defendants in their personal capacities. As discussed above and in the R&R, the case law regarding the required procedures for withholding of detainees' wages is unclear. (R&R at 13-14.) That lack of clarity necessarily requires the Court to find that any procedural due-process right violated by the Defendants' withholding of Plaintiffs' wages is not clearly established. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

With respect to Plaintiffs' substantive due-process claim in Count IV (and to the extent that Claim IV includes FLSA-related claims), here too Plaintiffs fail to allege facts that would plausibly show that their substantive due-process rights or FLSA rights were clearly established. *See Martin*, 827 F. Supp. 2d 1022. Plaintiffs also have not pointed to

any allegations that the Defendants "were plainly incompetent or knowingly violated the law." (R&R at 18-19.) The Court will therefore adopt the portion of the R&R finding that qualified immunity bars Plaintiffs' substantive due-process claim in Count IV for damages from the individual defendants in their personal capacities.[4]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, Defendants' Objections to the R&R [Docket No. 81] are **OVERRULED in part and SUSTAINED in part**, Plaintiffs' Objections to the R&R [Docket No. 94] are **OVERRULED**, and the Magistrate Judge's Report and Recommendation [Docket No. 80] is **ADOPTED in part and REJECTED in part**. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 38] the Amended Complaint [Docket No. 79] is **GRANTED in part** and **DENIED in part**, as follows:

1. Defendants' motion is **DENIED** with respect to Count I.

2. Defendants' motion is **GRANTED** with respect to Counts II through VI, as follows:

    a. Counts II through V against the state entity defendants, the damages claims in Counts II through V against the individual defendants in their official

---

[4] The Court will also adopt the R&R with respect to Plaintiffs' Rehabilitation Act claim (Count VI), overrule Plaintiffs' objection, and dismiss that claim. Plaintiffs' objection to the portion of the R&R recommending dismissal of Plaintiffs' Rehabilitation Act claim makes no specific objections and refers the Court to Plaintiffs' Memorandum in Opposition to Defendants' motion to dismiss. Having reviewed these "merely repeat[ed] arguments," the Court will find that the Magistrate did not commit clear error in recommending dismissal of Plaintiffs' Rehabilitation Act claim. *Montgomery*, 98 F. Supp. 3d at 1017.

capacities, and the Rehabilitation Act claim against the State of Minnesota are **DISMISSED without prejudice** because the Court lacks subject-matter jurisdiction over those claims due to sovereign immunity.

  b. The claims in Counts II through V for prospective injunctive relief from the individual defendants in their official capacities and damages from the individual defendants in their personal capacities are **DISMISSED with prejudice** for failure to state a claim.

  c. Count VI against Minnesota State-Operated Services, Minnesota State Industries, MSOP, and Minnesota Department of Human Services is **DISMISSED with prejudice** for failure to state a claim.

  d. The claims in Counts III and IV for damages from the individual defendants in their personal capacities are **DISMISSED with prejudice** as barred by qualified immunity.

  e. The claims in Counts II, III, and V for prospective injunctive relief from Lucinda Jesson, Dennis Benson, and Shelby Richardson are **DISMISSED without prejudice** as moot.

DATED: September 28, 2017       _____s/John R. Tunheim_____
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
                   Chief Judge
                 United States District Court