UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Le Roy Gamble, Jr., Cyrus Patrick Gladden, II, *and all other similarly situated*, David James Jannetta, *and all other similarly situated*, Jerrad William Wailand, *and all other similarly situated*, Clarence Antonia Washington, | Case No. 16-cv-2720-JRT-KMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Minnesota State Industries, Minnesota Sex Offender Program, Department of Human Services, the State of Minnesota, Emily Johnson Piper, Shelby Richardson, John and Jane Does 1-20, *as unknown individuals*, Lucinda Jesson, Dennis Benson, Nancy A. Johnston, Shirley Jacobson, Charlie Hoffman, | |
| Defendants. | |

---

David Le Roy Gamble, Jr., Jerrad William Wailand, Clarence Antonia Washington, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN, 56082, Cyrus Patrick Gladden, II, David James Jannetta, Minnesota Sex Offender Program, 1111 Highway 73, Moose Lake, MN, 55767, pro se plaintiffs

Kathryn Iverson Landrum, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, counsel for defendants

---

This matter is before the Court on the plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. Mot., ECF No. 87. The plaintiffs submitted a memorandum and three affidavits in support of their motion. Pls.' Mem., ECF No. 88; Gladden Aff., ECF No. 89; Gamble Aff., ECF No. 90; Jannetta Aff.,

ECF No. 91.  The defendants submitted a memorandum and one affidavit in opposition.  Defs.' Mem., ECF No. 119; Geil Aff., ECF No. 120.  For the reasons set forth below, the Court denies the motion.

## BACKGROUND

The plaintiffs are in the custody of the Minnesota Sex Offender Program ("MSOP").  Am. Compl., ¶¶ 1, 12-16, ECF No. 79.  Each was civilly committed to MSOP custody at the conclusion of a prison term, and each expects to remain in MSOP custody for an "indefinite period of time."  *Id.*, ¶¶ 12-16.  All five plaintiffs have participated in the "Patient Pay Program," a vocational work program at MSOP, and they allege they have been and will continue to be harmed by the defendants' wage policies related to their vocational placements.  *Id.*  In the remaining count of their complaint, they specifically argue that MSOP's failure to pay them minimum wage violates the Fair Labor Standards Act ("FLSA").

The instant motion involves a document that they are required to sign as part of the MSOP's vocational work program.  *See* Geil Aff., ¶ 2, Ex. A.  The plaintiffs allege that newly revised paperwork is an effort by the defendants "to force [the plaintiffs] and indeed, all MSOP patient-workers to relinquish their legal rights to receipt of the full legally-required minimum wage for their labors and their constitutional rights as to such wages" by requiring their agreement "to an adhesion term incorporating reference to the 50% wage confiscation at issue in this lawsuit."  Pls.' Mem. at 1.  They seek a ruling that nullifies or renders void and unenforceable the Client Signed Agreement for Vocational Programming and Rules, as well as any other contract that manifests their agreement to earn less than the minimum wage.  Mot. at 1; *see* Geil Aff., ¶ 2, Ex. A.  They further seek vacation of any job dismissal or suspension resulting from a patient's refusal to work for less than minimum wage, reinstatement of any such patients, and pay for hours they would have worked had they not been dismissed or suspended.  *Id.* at 2.  Finally, they seek to enjoin the defendants from suspending, terminating, reassigning, or reducing the hours of any plaintiffs in connection with their refusal to work for less than minimum wage.  *Id.*

The defendants respond that the Court should deny the motion as unnecessary because the agreement giving rise to the plaintiffs' concerns "does not, and cannot, affect or alter [the plaintiffs'] purported rights under the FLSA and [the defendants] are willing to stipulate to that fact."  Defs.' Mem. at 4.  In essence, the defendants

-2-

argue that nothing in the agreement can be read to invalidate the plaintiffs' FLSA claim, if it is ultimately successful, and they expressly disavow any plan to argue that the agreement could limit future recovery. They further argue that the plaintiffs cannot prevail on any of the factors required to grant injunctive relief. *Id.* at 4-9. The Court agrees that the motion should be denied.

## ANALYSIS

Courts consider four factors when evaluating a motion for a temporary restraining order ("TRO") or a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). But "[t]he failure to demonstrate irreparable harm is an independently sufficient ground to deny injunctive relief." *Jackson v. Macalester Coll.*, 16-cv-0448 (WMW/BRT), 169 F. Supp. 3d. 918, 921 (8th Cir. 2016) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)); *see also Grasso Enter., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016) (affirming denial of motion for preliminary injunction where no irreparable harm shown); *Medtronic, Inc. v. Ernst*, 16-cv-244 (JRT/HB), 182 F. Supp. 3d 925, 934-35 (D. Minn. 2016) (denying motion for a temporary restraining order where no irreparable harm shown); *Tokarz v. Mortg. Elec. Registration Sys., Inc.*, 17-cv-1022 (WMW/KMM), 2017 WL 3425697, at *1 (D. Minn. Aug. 9, 2017) (denying emergency injunctive relief where no irreparable harm shown).

Irreparable harm occurs when a party's injuries cannot be fully compensated by damages, rendering any available remedy inadequate. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013). "Possible or speculative harm is not enough." *Graham Webb Intern. V. Helene Curtis Inc.*, 98-cv-603 (DSD/JMM), 17 F. Supp. 2d 919, 924 (D. Minn. 1998).

The plaintiffs here do not demonstrate a threat of irreparable harm. They argue that "the continuing deprivation of constitutional rights constitutes irreparable harm," but fail to establish how the agreement out of which their concerns arise is in

fact depriving them of any constitutional or statutory rights. *See* Pls.' Mem. at 6. As explained by the defendants, the agreement does not require consent to receive illegal wages or a waiver of any rights associated with payment, but instead only indicates an understanding of the pay structure and an agreement to participate in and follow the rules of vocational programming. Geil Aff., ¶ 2, Ex. A at 3. The defendants assert that they "cannot alter [the plaintiffs'] FLSA rights (if any) by contract, and will make no such argument in the litigation." Defs.' Mem. at 5.

Moreover, the asserted harm of wage-loss is not irreparable—the plaintiffs seek these very unpaid wages with interest as damages. *See* Am. Compl. at 54. Though the plaintiffs allege that if they prevail on their FLSA claim, they could not receive any relief for hours they would have worked but for their refusal to sign the agreement, they do not provide any support to raise this assertion beyond the speculative level. *See* Pls.' Mem. at 7; Pls.' Reply at 21, ECF No. 122.

Finally, the plaintiffs argue in their reply that "many who applied for and/or previously held such jobs ceased their application process or resigned their positions rather than sign that Agreement. Distinctly, many simply did not apply for such positions because they were aware that signature of that Agreement was required." *Id.* But those individuals are not parties to this litigation. And "judicial power exists only to redress or otherwise protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1975). Though the plaintiffs note they are readying a motion to certify a collective action, they do not currently act as class representatives, and consideration of nonparties' potential injuries would be inappropriate.

For these reasons, the plaintiffs have failed to prove a threat of irreparable harm that is certain and imminent. Because the plaintiffs have failed to show a threat of irreparable harm, the Court need not consider the other *Dataphase* factors.

## CONCLUSION

The plaintiffs have failed to make the threshold showing of a threat of irreparable harm. And the defendants' concession that the agreement underlying the plaintiffs' concerns does not and cannot affect the plaintiffs' rights under the FLSA further underscores the lacking threat of irreparable harm.

**IT IS HEREBY ORDERED THAT** the plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (**ECF No. 87**) **IS DENIED**.

Date: December 1, 2017

                                              *s/ Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge