# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Le Roy Gamble, Jr., Cyrus Patrick Gladden, II, *and all other similarly situated*, David James Jannetta, *and all other similarly situated*, Jerrad William Wailand, *and all other similarly situated*, Clarence Antonia Washington,<br><br>Plaintiffs,<br><br>v.<br><br>Minnesota State Industries, Minnesota Sex Offender Program, Department of Human Services, the State of Minnesota, Emily Johnson Piper, Shelby Richardson, John and Jane Does 1-20, *as unknown individuals*, Lucinda Jesson, Dennis Benson, Nancy A. Johnston, Shirley Jacobson, Charlie Hoffman,<br><br>Defendants. | Case No. 16-cv-2720-JRT-KMM<br><br><br>**REPORT AND RECOMMENDATION** |

David Le Roy Gamble, Jr., Jerrad William Wailand, Clarence Antonia Washington, St. Peter Regional Treatment Center, 100 Freeman Drive, St. Peter, MN, 56082, Cyrus Patrick Gladden, II, David James Jannetta, Minnesota Sex Offender Program, 1111 Highway 73, Moose Lake, MN, 55767, pro se plaintiffs

Kathryn Iverson Landrum, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, counsel for defendants

This matter is before the Court on the plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. 216 and Identified Consenting Individuals as Collective Action Plaintiffs and Authorize Notice to Other Potential Collective Action Plaintiffs. Mot., ECF No. 134. The plaintiffs submitted a

memorandum and three declarations in support of their motion. Mem. in Supp., ECF No. 136; 1st Jannetta Decl., ECF No. 137; Gladden Decl., ECF No. 138; 2d Jannetta Decl., ECF No. 139. The defendants submitted a memorandum in opposition. Mem. in Opp., ECF No. 141. For the reasons set forth below, the Court denies the motion.

The plaintiffs are in the custody of the Minnesota Sex Offender Program ("MSOP"). Am. Compl., ¶¶ 1, 12-16, ECF No. 79. Each was civilly committed to MSOP custody at the conclusion of a prison term, and each expects to remain in MSOP custody for an "indefinite period of time." *Id.*, ¶¶ 12-16. All five plaintiffs have participated in the "Patient Pay Program," a vocational work program at MSOP, and they allege *inter alia* that MSOP's failure to pay them minimum wage violates the Fair Labor Standards Act ("FLSA"). *Id.*, ¶¶ 12-16, 33.

Upon filing their complaint, the plaintiffs moved for class certification pursuant to Rule 23. Mot. for Class Certification, ECF No. 8. This Court recommended denial of that motion because the plaintiffs, as non-attorney pro se plaintiffs, cannot represent the rights of other parties in a class action lawsuit. Report & Recommendation at 2, ECF No. 32. Neither party objected to the Report and Recommendation, and the district judge adopted its conclusion. Ord., ECF No. 52.

The plaintiffs now move for conditional certification as a collective action pursuant to 29 U.S.C. § 216, which allows an employee or employees to bring an action for a violation of the FLSA on their own behalf and on behalf of "other employees similarly situated" where those other employees give consent to become a party. 29 U.S.C. § 216(b); Mot. at 1-2. The defendants oppose the request. Mem. in Opp.

Generally, pro se litigants cannot represent the claims of others. *See, e.g.,* 28 U.S.C. § 1654 (stating that in United States courts, "the parties may plead and conduct *their own* cases *personally* or *by counsel*" (emphasis added)); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlayer . . . has no right to represent another entity . . . in a court of the United States."); *Perkins v. Holder*, 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 25, 2014) ("*pro se* litigants can never represent the rights, claims, and interests of other parties in a class action lawsuit (or otherwise)"). And courts in this circuit have applied this general rule to the collective action setting. *See Shepard v. City of Waterloo*, 2016 WL 2238358, at *2 (N.D. Iowa May 12, 2015) (denying conditional certification as a collective action

where pro se plaintiff is not a lawyer); *Murphy v. Ajinomoto Windsor, Inc.*, 2016 WL 1640661, at *3 (E.D. Mo. Apr. 26, 2016) (dismissing class and collective action claims because pro se plaintiff could not represent claims of others).

While the plaintiffs provide thorough support for their motion in their memorandum, they cannot overcome the prohibition on non-attorney pro se plaintiffs representing any interest but their own. Should the plaintiffs obtain counsel through the Federal Bar Association Pro Se Project, to which they were referred in October 2016, or otherwise, the request for certification as a collective action might stand on very different footing. At the present stage, however, the Court recommends that the motion be denied without prejudice.

Based on the foregoing, the Court **HEREBY RECOMMENDS** that the plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. 216 and Identified Consenting Individuals as Collective Action Plaintiffs and Authorize Notice to Other Potential Collective Action Plaintiffs (**ECF No. 134**) be **DENIED without prejudice.**[1]

Date: February 16, 2018

    *s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the

---

[1] The plaintiffs have written to the Court alleging difficulty obtaining certain copies from MSOP. Letter to Magistrate Judge, ECF No. 143. Because the Court recommends denial of the plaintiffs' motion for certification as a collective action, the copies discussed in that letter need not be filed with the Court at this time.

objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.