UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| David Le Roy Gamble, Jr, Cyrus Patrick Gladden II, David James Jannetta, Jerrad William Wailand, and Clarence Antonia Washington, and all others similarly situated<br><br>                                Plaintiffs,<br><br>v.<br><br>Minnesota State-Operated Services, Minnesota State Industries, Minnesota Sex Offender Program, Department of Human Services, the State of Minnesota, Emily Johnson Piper, Lucinda Jesson, Dennis Benson, Nancy A. Johnston, Shelby Richardson, Shirley Jacobson, "Charlie" Hoffman, and John and Jane Does 1-20,<br><br>                                Defendants. | Case No. 0:16-cv-02720-JRT-KMM<br><br>**REPORT AND RECOMMENDATION** |

Charlie R. Alden, 2801 Cliff Road East, Suite 200, Burnsville, MN 55337, counsel for plaintiffs.

Kathryn Iverson Landrum, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, counsel for defendants

This collective action involves the question of whether the Fair Labor Standards Act (FLSA) applies to detainees at the Minnesota Sex Offender Program (MSOP). The plaintiffs have filed a motion for conditional certification of a class and approval of the proposed notice and opt-in period. (ECF No. 171.) With respect to the parameters of the proposed class, the plaintiffs argue that due to extraordinary circumstances, the statute of limitations should be tolled for the purposes of

conditional certification and notice should be provided to all potential class members whose claims date back to August 2009. Alternatively, the plaintiffs argue that because they allege willful violations of the FLSA, the class should comprise MSOP detainees for the last three years. In addition, the plaintiffs request a 90-day notice period to provide sufficient time to contact potential class members asking them to opt-in to the litigation.

The defendants do not oppose class certification in general, but they argue for a limitations period of two years and a notice period of only 30 days. For the following reasons, the Court recommends that plaintiff's motion for conditional certification of the class be GRANTED with a limitations period of three years. The notice period should be 90 days.

### A.   Factual Background

The plaintiffs are in the custody of MSOP. (Am. Compl., ¶¶ 1, 12–16, ECF No. 79.) Each was civilly committed to MSOP custody at the conclusion of a prison term, and each expects to remain in MSOP custody for an "indefinite period of time." (*Id.*, ¶¶ 12–16.) All five individual plaintiffs have participated in the "Patient Pay Program," a vocational work program at MSOP, and they allege *inter alia* that MSOP's failure to pay them minimum wage violates the FLSA. (*Id.*, ¶¶ 12–16, 33.)

### B.   Defining the Class: The Statute of Limitations

The main dispute between the parties at this stage is the way the FLSA's statute of limitations should operate to circumscribe the potential class. The plaintiffs first seek a class that extends as far back as 2009. The plaintiffs specifically argue that equitable tolling of the statute of limitations is appropriate here, which would result in notice being issued to any participant in the Patient Pay Program from August 1, 2009 to present. The Court disagrees.

Generally speaking, the statute of limitations in an FLSA case extends back two years before the date of the filing of the Complaint. 29 U.S.C.A. § 255(a). In cases where there has been a willful violation of the FLSA, the limitations period extends to three years. *Id.* Equitable tolling of the statute of limitations significantly expands this period. This doctrine "permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Firstcom, Inc. v. Quest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (citing *Pecoraro v. Diocese of*

*Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006)).  Equitable tolling of FLSA statutory deadlines is "limited and infrequent," and should only be permitted where the plaintiff has demonstrated "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smithrud v. City of St. Paul*, 746 F.3d 391, 396 (8th Cir. 2014).  The plaintiffs have not demonstrated extraordinary circumstances that would trigger equitable tolling of the statute.

The plaintiffs argue that the defendants intentionally misled and confused the participants in the Patient Pay Program, justifying tolling of the FLSA's deadlines.  However, the facts alleged by the plaintiffs do not support this claim.  The defendants' actions, including removing minimum wage posters required by the Department of Labor and classifying participants in the program as independent contractors, are entirely consistent with the defendants' position that the participants did not qualify for a minimum wage requirement.  Even if the defendants were wrong in their interpretation of the FLSA, their conduct was openly pursued.  The plaintiffs cannot demonstrate that the defendants' actions were intended to trick or mislead.  Because the plaintiffs have not demonstrated the necessary extraordinary circumstances, the Court should not toll the statute of limitations in order to permit potential opt-ins from August 1, 2009.

The plaintiffs' second argument regarding the statute of limitations fares better.  As noted above, the statute of limitations for an FLSA action extends back two years from the date that the cause of action accrued, or three years back if the action arises out of willful action taken by the defendant.  29 U.S.C. § 255(a).  The plaintiffs' position is that the defendants acted willfully, and they will seek discovery to establish such a fact at the summary judgment stage of litigation.  However, the defendants oppose extending the statute of limitations.  Specifically, they argue that because their denial of the minimum wage to MSOP residents was found legal by a district court in *Martin v. Benson*, 827 F. Supp. 2d 1022 (D. Minn. 2011), the plaintiffs will be unable as a matter of law to prove a willful violation of the FLSA.

The Court need not determine willfulness at this early stage of litigation.  *See Meseck v. TAK Commc'ns, Inc.*, 2011 WL 1190579 at *3 (D. Minn. Mar. 28, 2011) ("At the initial [certification] step, the court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties.") (citation omitted)).  It may be that the plaintiffs are able to develop a factual record that would support a finding of willfulness regardless of the *Martin* decision, or it

could be that the district court agrees with the defendants about *Martin*'s definitive impact on the question. In either case, the final decision on willfulness will be made down the road. In this case, moreover, extending the statute of limitations will not be prejudicial to the defendants, where the potential class pool is very clearly defined, static, and unlikely to increase with the addition of a third year. Therefore, the additional discovery burden on the defendants from the provisional certification of a three-year class will be minimal. Thus, a three-year statute of limitations to define the conditional class is appropriate here.

### C.   Notice Period

The Court further determines that the notice period should last 90 days. Courts have broad discretion in facilitating the opt-in process, including defining the notice period. *Le v. Regency Corp.*, 957 F. Supp. 2d 1079, 1091–1093 (D. Minn. 2013). Courts must consider the interests of judicial economy against the interest of ensuring that all potential class members receive a fair opportunity to join in the class. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989). The plaintiffs have enumerated several challenges that may delay notice to potential class members, including institutional mistrust of the legal process, cognitive difficulties among potential class members, lack of access to counsel among potential class members, and challenges with the mail services at and between the MSOP facilities. (*See* ECF No. 174 at 25–26.) These potential roadblocks outweigh the slight delay in this case caused by a 90-day notice period, instead of the 30-day notice period proposed by the defendants.

Based on the foregoing, the Court makes the following recommendation:

1. The plaintiff's Motion to Certify Conditional Class, Proposed Notice, and Opt-in Period be **GRANTED** with the following modifications:

   a.   Plaintiff's version of the Notice of Right to Participate in Collective Action and attached Consent to Become Party Plaintiff ("Notice" and "Consents"), attached at Exhibit A to the affidavit of Charlie Alden, ECF No. 175, is the court-approved notice, with the alteration of the date as described above.

   b.   Consistent with the Parties' Stipulation attached as Exhibit B to the affidavit of Charlie Alden, ECF No. 175, within 15 days of an Order adopting this Report and Recommendation, Defendants shall provide Plaintiffs' counsel with a list of the names and addresses of all participants in

MSOP's Patient Pay Program who have participated in the program since **August 12, 2013.**

  c. Within 15 days of having been provided with the list of names, Plaintiffs' counsel will mail out the court-approved Notice to all potential class members.

  d. Consents to join the conditionally certified collective action shall be effective if dated and postmarked by the opt-in class member 90 days from the date they are mailed by Plaintiffs' counsel. Plaintiffs' counsel shall promptly file all received Consents upon receipt on ECF.

  e. Forty-five days from the date of mailing the Consent to Join, Plaintiffs' counsel shall send the agreed-upon Reminder Letter to all potential class members who have not already returned their Consents to Plaintiffs' counsel.

  f. Within ten days after the presiding Judge's Order on this Report and Recommendation, the Parties shall revise and submit a Stipulation and Proposed Order reflecting all other matters agreed-to by the parties set forth in the stipulation attached at Exhibit B to the Affidavit of Plaintiffs' counsel, reflecting the dates set forth in this Report and Recommendation, or Order on Report and Recommendation, and all other matters agreed to by the parties.

Date: November 14, 2018       *s/ Katherine Menendez*
                Katherine Menendez
                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

Under Advisement Date: This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.