# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID LE ROY GAMBLE, JR., CYRUS PATRICK GLADDEN, II, DAVID JAMES JANNETTA, JERRAD WILLIAM WAILAND, CLARENCE ANTONIA WASHINGTON, *and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MINNESOTA STATE-OPERATED SERVICES, MINNESOTA STATE INDUSTRIES, MINNESOTA SEX OFFENDER PROGRAM, DEPARTMENT OF HUMAN SERVICES, STATE OF MINNESOTA, EMILY JOHNSON PIPER, SHELBY RICHARDSON, LUCINDA JESSON, DENNIS BENSON, NANCY A. JOHNSTON, SHIRLEY JACOBSON, CHARLIE HOFFMAN, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Civil No. 16-2720 (JRT/KMM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Charlie R. Alden, **CHARLIE ALDEN**, 2801 Cliff Road East, Suite 200, Burnsville, MN 55337, for plaintiffs.

Kathryn Iverson Landrum, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Stree, Suite 1100, Saint Paul, MN 55101, for defendants.

Plaintiffs David Le Roy Gamble, Jr., Cyrus Patrick Gladden, II, David James Jannetta, Jerrad William Wailand, and Clarence Antonia Washington (collectively, "Plaintiffs") bring this civil action against Minnesota State-Operated Services, Minnesota

State Industries, the Minnesota Sex Offender Program ("MSOP"), the Department of Human Services, the State of Minnesota, Emily Johnson Piper, Shelby Richardson, Luncinda Jesson, Dennis Benson, Nancy A. Johnston, Shirley Jacobson, Charlie Hoffman, and twenty John and Jane Does (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), the Thirteenth and Fourteenth Amendments, and the Rehabilitation Act. (Am. Compl. ¶¶ 125-54, June 14, 2017, Docket No. 79.) Plaintiffs are individuals civilly committed to, and in the custody of MSOP. (*Id.* ¶¶ 12-16.) Plaintiffs participate in, or previously participated in MSOP's Patient Pay Program (the "Program"), a vocational work program. (*Id.* ¶¶ 12-16, 33.) MSOP is authorized by statute to retain fifty percent of an individual's earnings through this Program to offset the cost of operating MSOP. Minn. Stat. § 246B.05, subd. 6 (2018). MSOP has retained such earnings since September 2009. (*Id.* ¶ 95.) Plaintiffs allege this violates the FLSA's minimum wage provision, the Thirteenth and Fourteenth Amendments, and the Rehabilitation Act. (*Id.* ¶¶ 125-54.)

A cause of action must generally be brought within two years of an FLSA violation. 29 U.S.C. § 255(a) (2018). However, the statute of limitations may be extended to three years where the violation is willful. *Id.*

Plaintiffs moved for conditional class certification and approval of the proposed notice and opt-in period. Magistrate Judge Kathryn Menendez issued a Report and Recommendation ("R&R") recommending the Court grant Plaintiffs' motion subject to certain modifications. (R. & R. at 4-5, Nov. 14, 2018, Docket No. 188.) Presently before the Court is Defendants' Objection to the R&R. Defendants object to the Magistrate

Judge's recommendation that the statute of limitations period should be extended to three years to allow notice of the collective action to Program participants dating back to August 12, 2013—three years prior to the commencement of the instant action. Because the recommendation is not clearly erroneous or contrary to law, the Court will adopt it and deny the Defendants' objections.

## DISCUSSION

The standard of review applicable to an appeal of a Magistrate Judge's recommendation on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.,* 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will decline to adopt such a recommendation only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Minn. LR 72.2(a).

Defendants argue that the Magistrate Judge's recommendation is contrary to law for two reasons: (1) the statute of limitations in an FLSA case runs from the date of opt-in and not the date the complaint is filed, contrary to what the Magistrate Judge found in her recommendation; and (2) the statute of limitations in this case, as a matter of law, is two years, and not three as recommended by the Magistrate Judge.

First, the Magistrate Judge's recommendation that the conditional class comprise of workers who worked in the Program within three years of the filing of the complaint—August 12, 2013 to the present—is not contrary to law. While it is true that under the FLSA the statute of limitations is only tolled for individual plaintiffs when they opt-in to the class and not when the complaint was filed, 29 U.S.C. § 256(b) (2018); *Redman v. U.S.*

*West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998), this principle does not affect which potential class members should be notified of the collective action. Indeed, if this rule controlled who was notified of the collective action, then no one would be eligible to receive notification until they were already part of the collective action and the statute of limitations was tolled as to them. Furthermore, the fact that persons working in the Program on August 12, 2013 to the present should be notified does not extend their claims back to that date. This date is merely the earliest possible date that an opt-in plaintiff may have last suffered a violation of the the minimum wage provision of the FLSA and still have a compensable injury should they prevail in this case. *See In re RBC Dain Rauscher Overtime Litigation*, 703 F.Supp.2d 910, 966 (D. Minn. 2010); *Kumar v. Tech Mahindra (Americas) Inc.*, Case No. 4:16-cv-00905-JAR, 2017 WL 3168531 *3 (E.D. Mo. July 26, 2017). Thus, the Court will overrule Defendants' objection regarding the commencement of the statute of limitations and adopt the R&R.

Second, the Magistrate Judge's recommendation as to willfulness is not contrary to law. The Magistrate Judge correctly refrained from making any determinations regarding willfulness at this stage. *Maseck v. TAKCommc'ns, Inc.*, Civ. No. 10-965, 2011 WL 1190579, at *3 (D. Minn. Mar. 28, 2011) ("At the initial [certification] step, '[t]he court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties . . . .'" (quoting *Dege v. Hutchinson Tech., Inc.*, Case No. 06-3754, 2007 WL 586787, at *2 (D. Minn. Feb. 22, 2007))). Although it may be difficult for Plaintiffs to prove willfulness in light of *Martin v. Benson*—holding that Program participants are not covered under the FLSA, and the

retention of fifty percent of participant earnings was therefore not a violation of the FLSA, 827 F.Supp.2d 1022 (D. Minn. 2011)—they should still have the opportunity to develop that theory of their case, and related potential class members should be notified. Thus, the Court will overrule Defendants' objection regarding the Magistrate Judge's non-determination of willfulness and adopt the R&R.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objection to the Magistrate Judge's Report and Recommendation [Docket No. 189] is **DENIED**.

2. The Report and Recommendation [Docket No. 188] is **ADOPTED**.

3. Plaintiffs' Motion for Conditional Certification and Proposed Opt-In Period [Docket No. 171] is **GRANTED** subject to the modifications in the Report and Recommendation [Docket No. 188].

DATED: January 24, 2019                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                             Chief Judge
                                       United States District Court